ALBERT E. LEE, ETC., Appellant, v. REGISTRAR OF PROPERTY OF HUMACAO, Respondent.

No. 909. Submitted January 5, 1934.—Decided May 31, 1934.

*W. L. Newsom, Jr.,* for appellant. The registrar appeared by brief.

MR. JUSTICE WOLF delivered the opinion of the court.

Albert E. Lee was named as receiver of the United Porto Rican Sugar Co., a corporation duly constituted under the laws of Puerto Rico. The Brockway Motor Truck Corporation began two suits against Luciano R. Fuertes and obtained attachments to secure the effectiveness of the judgments. Presumably these attachments were obtained in due course from the court. It would appear also from the note of the registrar that the said Brockway Motor Truck Corporation obtained caveats (*anotaciones preventivas*) for the respective attachments.

Subsequently, on June 5, 1933, the Brockway Motor Truck Corporation transferred to Henry G. Molina all the rights it had in the judgment, including all the rights acquired by reason of the foregoing attachments. On the 24th of July, with all the necessary parties present before a notary, Mr. Henry G. Molina agreed and attempted to subordinate or postpone in favor of Albert E. Lee, receiver aforesaid, any rights that the said Molina might have by reason of the said attachments.

When this deed of subordination was presented to the Registrar of Property of Humacao he refused to record the same in the following note:

"The entry of the marginal notice sought in regard to this deed of subordination is refused, other documents having been exhibited

to us among which an explanatory deed executed before the same notary Newsom Jr. and a deed of assignment privately executed to Henry G. Molina and subscribed by affidavit before a notary public, because it appears from the registry that the Brockway Motor Truck Corporation of P. R. has as plaintiff as its only claim on the properties certain caveats to secure the effectiveness of any future judgments against the defendant or owner of the attached property, which caveats do not constitute any recorded right which might be the subject of cautionary notices authorized under the Mortgage Law or its Regulations, nor of the marginal notice of subordination which has been applied for, and because, moreover, as regards property No. 5 exclusively no record exists of the lease right of the United Porto Rican Sugar Company of Puerto Rico which is the beneficiary of this deed of subordination, the property in question being recorded in the name of The People of Puerto Rico. and in lieu thereof cautionary notices are taken for the statutory 120 days of the marginal notes contained in following volumes, folios, properties, and records, to wit: . . . ''

The point that the registrar is making is that parties can get together with respect to rights, appear before a notary, and obtain a record of their said rights; in other words, parties may ordinarily do anything mentioned in the Civil Code affecting property without the intervention of any other public person than the notary. The registrar perhaps did not specifically say so in his note, but what he necessarily had in mind was that caveats did not include this power or privilege. The registrar, while we have no real criticism to make, might have been a little clearer if he had said that caveats with respect to attachments are entered by order of the court and must be changed or modified in the same way, the conclusion at which we have arrived.

In most cases where persons are capable of contracting or acting, rights may be settled without any access to the courts. The registry of property is a special depositary where the parties can not get together always by their mere volition but must follow the rules established by the Legislature. As a caveat with respect to an attachment must be obtained by an order of the court, in similar fashion any

modification thereof, in the registry, must also be obtained by an order of the court. We are not considering cases like that of *Pérez* v. *Registrar, ante,* p. 803, where it appears in the registry itself that a right is totally extinguished by confusion or otherwise.

The appellant made some allegation to the effect that if this change were not noted in the registry of property the parties might be deprived of their property without due process of law. The appellant is mistaken in this. Unquestionably the appellant had apparently a right taking the necessary preliminary steps to have his lease recorded in the registry of property ahead of the attachments noted, but the registrar was powerless to give effect to this right without an order of a court.

The constitutional rights of the appellant were not in any way affected by the action of the registrar. What the appellant failed to do was to use the proper machinery to have his privilege noted in the registry.

The rights of the registrar are somewhat limited. For example, in *Laborde* v. *Registrar of Humacao,* 27 P.R.R. 578, we held that the registry was not the place to decide conflicting rights. In *Noriega* v. *Registrar,* 44 P.R.R. 311, we held that although from certain documents before the registrar it might appear that a certain right, a homestead right, was nonexistent, yet the registrar could not cancel the record until it was duly ordered to do so by the court. Perhaps our decisions will show many other instances where the registrar is not authorized to act. It is a case of *lex scripta.* Caveats for attachments are made in the registry by order of court and they should be changed, modified, or altered only by the order of a court.

We do not care to emphasize unduly the fact that there might be other rights pending before the District Court of Humacao and the court might decide that other persons should be heard before making any change in the caveats existing in the registry of property. It might even happen

that some other creditor had obtained an attachment after those of the Brockway Motor Truck Corporation. We say we do not care to emphasize because, as intimated, the reasons for a positive rule of procedure in the registry do not have to be set forth, if the rule itself is clear.

The note will be affirmed.